B. F. RUNNELS, Appellee, v. SAMUEL M. SMITH *et al.*, Appellants.

1. **Former Adjudication:** SPECIAL VERDICT: ESTOPPEL. Where, in an action against R. S. and others as copartners, the jury found specially that a partnership existed between all of the defendants, save S., but that he was liable to creditors because of having allowed his name to be used as a member of the firm, *held*, that the fact of the partnership not being in issue in such action, and judgment hav-

ing been rendered therein against all of the defendants, without fixing the order of their liability, R. was not estopped thereby from subsequently maintaining an action against S. for contribution on account of the debts of said partnership.

2. **Partnership:** CONTRIBUTION: FRAUDULENT CONVEYANCES.    Upon an attempted settlement between R. and S. as partners, it was found that the known debts of the firm could be paid with the sum of fifteen hundred dollars if S. would waive his claim against the firm, in partial satisfaction of which he had received a conveyance of the firm real estate. R. thereupon paid said sum of fifteen hundred dollars, but S., instead of waiving his claim, assigned the same to his son, to whom he was indebted, but the assignment was made with intent to hinder and delay creditors. *Held*, that the assignment was fraudulent as against R., and that in an action by R. against S. for contribution, the latter was not entitled to credit for the amount of his claim, and also to the value of the real estate conveyed to him by the firm.

*Appeal from Montgomery District Court.*—HON. N. W. MACY, Judge.

## THURSDAY, JANUARY 18, 1894.

ACTION in equity for an accounting, and to compel contribution on account of partnership debts. There was a hearing on the merits, and a decree in favor of the plaintiff. The defendants appeal.—*Affirmed.*

*F. M. Davis* and *C. E. Richards*, for appellants.

*J. M. Junkin*, for appellee.

ROBINSON, J.—The plantiff alleges that in the year 1884 a copartnership, under the name of H. N. Kinkade & Company, was engaged in doing a general banking business in the town of Elliot, in Montgomery county; that the firm was composed of H. N. Kinkade, W. H. Kinkade, and the defendants Samuel M. Smith and C. W. Mercer; that in the month of October of that year the firm became insolvent, and failed in business; that, after the failure, the plaintiff and the persons named as copartners became involved in litiga-

tion with the creditors of the firm, which resulted in judgments against those persons and the plaintiff; that the assets of the copartnership were exhausted in paying the judgments, and that, after that was done, the plaintiff paid a large amount in excess of that paid by the defendant Samuel M. Smith for the same purpose; that some of the judgments are unpaid; and that debts of the firm, not in judgment, are outstanding; and that the Kinkades and Mercer are insolvent. The plaintiff asks for a complete settlement of the affairs of the firm of H. N. Kinkade & Company; that the liability of the plaintiff and Samuel M. Smith on account of the indebtedness of that firm be ascertained and fixed; and for general equitable relief. The plaintiff also alleges that Frank M. Smith claims an interest in the subject-matter of the action, and makes him a party defendant, for the purpose of having his interest determined.

The defendant Samuel M. Smith admits that the firm of H. N. Kinkade & Company was doing business as claimed, but insists that he was not a member of it, and that the persons who composed it were the plaintiff, the Kinkades, and Mercer; that, while the firm was engaged in the business specified, he consented that it might use his name as a reference only, but that it wrongfully published his name as a director of the bank. He also pleads an estoppel and a settlement. The defendant Mercer admits that he permitted himself to be known as a member of the firm, and pleads a settlement with the plaintiff. The defendant Frank M. Smith claims to own, as the assignee of Samuel M. Smith, a certain certificate of deposit and other liabilities of the insolvent firm, which amount to about fifteen hundred dollars.

The district court found in favor of the plaintiff, and fixed the amount of his recovery of the defendant Samuel M. Smith at the sum of twenty-five hundred

dollars, and one half of the costs. The plaintiff was required to pay the amount of a certain judgment rendered in favor of C. F. Clarke, and against the plaintiff, Samuel M. Smith, and others. Samuel M. Smith was "given credit, with his interest, in what is known as the 'bank real estate' situated in the town of Elliot, Iowa," which is described in his answer as "an interest in" lot 12, in block 11, of the town named. The district court further adjudged that Frank M. Smith was not the owner of the liabilities of the bank which he claims, and that neither he nor Samuel M. Smith is entitled to any allowance on account of them, as against the plaintiff. It was also adjudged that, as between the plaintiff and Samuel M. Smith, the defendant Mercer was not liable in this action. Although nominally a party to the appeal, Mercer does not appear to have any interest in it.

I. For some time before the twenty-fifth day of July, 1884, the plaintiff, who is a farmer, resided at Hawthorne, five miles west of Red Oak, in Montgomery county. He was the owner of ten thousand dollars of the capital stock of the Valley National Bank of Red Oak. H. N. Moore owned a portion of the remainder of the stock, and he and Hiram N. Kinkade, under the name of H. N. Moore & Company, owned and carried on a banking business at Elliot, a town on a branch railway about fourteen miles northeast of Red Oak. Warren Kinkade, a brother of Hiram, was cashier of the Valley National Bank. On the day last named an agreement was entered into by Moore, H. N. Kinkade and the plaintiff, by which the latter was to acquire the ownership of the banking business at Elliott, which had been carried on by H. N. Moore & Company, and to lot 12, in block 11, in that town, and was to transfer his stock in the Valley National Bank to Moore and Kinkade. The stock was transferred to them on that day, and a deed for the lot was executed

by them to the plaintiff. There is a conflict in the evidence in regard to some of the terms of the agreement, the original having been lost. The plaintiff insists that it did not give him possession of the bank, and that he was not required to take possession until the fifteenth day of the next September. That is denied by the defendants, who contend that the agreement gave to the plaintiff the immediate possession of the bank. It is clearly shown that the business of the bank was continued in the name of H. N. Moore & Company until the eighth day of August, and that from that time until the bank closed it was carried on in the name of H. N. Kinkade & Company. The plaintiff testifies that he never took possession of the bank, and that, becoming satisfied that he could not carry it on, he sold it to H. N. Kinkade, to whom he executed a deed to the lot on the seventh day of August. A certificate of deposit for the sum of eight thousand, nine hundred and twenty dollars, purporting to have been issued by H. N. Moore & Company, dated August 7, 1884, but which the plaintiff and Moore agree in saying was issued when the agreement of sale was made, was retained by the plaintiff. He claims that it was given him as security, to be surrendered when he took possession of the property, and that, by his agreement with Kinkade, for the sale of the bank, he was to retain it as the consideration of that sale. Moore denies that it was issued by virtue of any agreement to which he was a party. What the fact in regard to that matter is, we do not find it necessary to determine.

At the time the transactions we have described occurred, the defendant Samuel M. Smith resided at Milford, about nine miles east of Elliot, and had done some business with the bank of H. N. Moore & Company at that place. He and the plaintiff were not personally acquainted with each other. In July he was told by Kinkade that the plaintiff ex-

pected to buy Moore's interest in the bank at Elliot, and consented to the use of his name by the new bank as a reference. He did not own any interest in the bank, but after the seventh day of August he was announced in the cards and other advertising mediums of the bank as a director, and in like manner the plaintiff was announced as its president. Neither the plaintiff nor Smith authorized the use thus made of their names, although Smith knew of such use, and it is probable that the plaintiff did also, but neither of them made any public denial of the official character so given them. There is some evidence of declarations made by the plaintiff after the seventh day of August which indicate that he was interested in the bank, but some of the alleged declarations are denied by him, and others can be explained on the theory that he expected to pay the certificate of deposit which he held. A careful examination of the entire record leads us to conclude that he was not interested in the bank as owner after that date, and that he and Samuel M. Smith stood in the same relation to it; hence it follows that, unless the plaintiff is estopped to claim otherwise, their liability for the payment of the debts of the bank is the same. That is practically conceded in the argument of counsel for appellants.

II. After the failure, in October, 1884, several actions were brought by different creditors of the bank

1. FORMER adjudication: special verdict: estoppel. against the Kinkaids, Samuel M. Smith, Mercer and the plaintiff, to recover various amounts which the bank was owing. The petition in each action alleged that all the defendants were members of the firm of H. N. Kinkade & Company, and that they were severally liable for the debts of the firm. An answer was filed for the defendants Warren H. Kinkade, Mercer, Samuel M. Smith, and the plaintiff in each case, which denied that they were or ever had been, actual members of the firm,

although it appears that Samuel M. Smith had not authorized such answers. The cases were tried in January, 1885, and in two of them the jury found, in answer to special interrogatories, that Warren H. Kin-. kade and Mercer, and the plaintiff were actual members of the firm, and that Samuel M. Smith was not, but that he was liable in the action, because he had authorized the use of his name to give credit to the firm. It is claimed by the appellants that the special interrogatories were submitted to, and answered by, the the juries pursuant to a verbal agreement made between the plaintiff and others, and that, by reason of the agreement and special findings, the plaintiff is estopped to ask an accounting as between himself and Samuel M. Smith. The answer to this is that the special findings were not made on account of any issue presented by the pleadings, and the judgment rendered was against all the defendants, without fixing the order of their liability. If it had been true that, as between themselves, Samuel M. Smith was a mere "surety" of the plaintiff, within the meaning of section 3041 and 3042 of the Code, the order of liability should have been recited in the judgment. There was not only no sufficient adjudication that Samuel M. Smith was not liable as between himself and the plaintiff, but there was no valid agreement making the special findings binding upon them. Samuel M. Smith was not represented in the action by anyone, and it does not appear that any evidence in regard to the order of his liability was offered by any party to the suit. We conclude that the evidence fails to establish the estoppel pleaded.

II. After the judgments to which we have referred were rendered, in the year 1885, an attempt was made

2. PARTNERSHIP: contribution: fraudulent conveyances.

by several of the parties in interest to settle the matter without further litigation. Mercer settled his liability to the plaintiff,

and was rightly held to be not indebted to him by the district court. An attempt was made by the plaintiff and Samuel M. Smith to adjust and settle their respective obligations, but it failed. Smith acquired an interest in lot 12, of block 11, in the town of Elliot, through a conveyance made by H. N. Kinkade, which was of the value of about one thousand, five hundred dollars, and was intended to secure at least a part of his claim against the bank, for which Frank M. Smith now seeks to recover. That interest has been appropriated for the payment of debts of H. N. Kinkade & Co., but, with that exception, Samuel M. Smith has paid nothing on account of the debts of that firm, and costs and expenses of litigation. Portions of them were paid with the one thousand, two hundred dollars paid by Mercer, and from the proceeds of the bank property. At the time the plaintiff and Samuel M. Smith attempted to make their settlement, it was found that after using the one thousand, two hundred dollars paid by Mercer, and after exhausting the real estate of the bank, including Smith's interest therein, the unliquidated claims against the bank could be paid with one thouand, five hundred dollars, to be contributed by the plaintiff, if Smith would waive his claim for about that amount; and that was the basis of the settlement attempted to be made. It did not include certain claims which had been settled by notes, on which judgments were afterwards obtained, and paid by sales of the property of the plaintiff, to the amount of more than one thousand, four hundred dollars; nor two notes owned by C. F. Clarke, which were then unknown, and on which judgment was afterwards rendered for two thousand, eight hundred and forty-two dollars and eleven cents, including attorneys' fees and costs. That judgment by the decree of the district court is to be satisfied by the plaintiff. We think the attempted settlement would have been fair as to the liabilities it contemplated.

The plaintiff paid the one thousand, five hundred dollars which was found to be his share, but Smith, instead of waiving his claim, made a pretended assignment of it to his son and codefendant, Frank M. Smith. Although there is evidence to the effect that the father was owing the son several hundred dollars, on account of which the assignment was made, yet we think it should be treated as fraudulent and of no effect as against the plaintiff, for the reason that it satisfactorily appears that the chief object Smith had in making the assignment was to hinder and delay creditors. In ascertaining the amount he should pay to the plaintiff, he is not entitled to an allowance for the claim he assigned to his son, and also to an allowance for the value of the interest in the bank property conveyed to him as security. His interest in that property, and in claims he held against the bank, will be treated as equal to the amount the plaintiff paid at the time of the attempted settlement. That leaves for adjustment the liquidated claims which were known when the settlement was attempted, and the Clark judgment. When a proper allowance for interest and costs is made, the amount which Samuel M. Smith should pay to the plaintiff appears to be about the same as that allowed by the district court. We are satisfied that its decree does substantial justice to all parties to this action, and it is, therefore, AFFIRMED.